**INTEGRA LIFESCIENCES I, LTD. and The Burnham Institute, Plaintiffs,**

v.

**MERCK KGaA, et al., Defendants.**

No. 96–CV–1307 TW (AJB).

United States District Court,
S.D. California,
San Diego Division.

Dec. 21, 1999.

Lynne Brennan, David Beckwith, San Diego, CA, for plaintiff.

Patricia Thayer, San Francisco, CA, Martha Gooding, Newport Beach, CA, for defendants.

### ORDER DENYING DEFENDANTS' OBJECTIONS TO AND APPEAL OF MAGISTRATE JUDGE BATTAGLIA'S ORDER

WHELAN, District Judge.

By order dated November 3, 1999 United States Magistrate Judge Anthony J. Battaglia denied Defendants' Motion to for Leave to Take the Trial Deposition of Dr. Kenneth Yamada. Dr. Yamada, an out-of-state witness, is an officer of the National Institute of Health who cannot lawfully be compelled to testify in California absent a determination from the Director of Health and Human Services. Judge Battaglia's order declined to re-open discovery for purposes of securing Dr. Yamada's trial deposition.

On November 18, 1999 Defendants submitted their objections to and appeal of Judge Battaglia's order. Defendants contend that because Dr. Yamada will be unavailable to testify at trial, the discovery cut-off date should be extended to permit Dr. Yamada's trial deposition. Defendants argue that it was not until September 1999 that they first learned that Dr. Yamada would be unavailable to testify at trial. According to Defendants, re-opening discovery to conduct Dr. Yamada's videotaped trial deposition will properly preserve his testimony.[1]

---

1. Plaintiffs submitted their written opposition on December 6, 1999. Defendants' reply memorandum was filed on December 13, 1999. The Court took the matter under submission and

Defendants' objections present many of the same issues and concerns that were discussed and resolved in the Court's order dated November 24, 1999 Granting Plaintiffs' Motion in Limine Number 22 which held, "Defendants, their attorneys or any of [D]efendants' witnesses at trial are barred from arguing or testifying that the 1982 *Bittle* publication and the 1984 *Yamada* publication constitutes prior art to any of the patents-in-suit." November 24, 1999 Order Granting Plaintiffs' Motion in Limine No. 22 at 8. In that order, the Court agreed with Plaintiffs that the discovery cut-off deadlines had long ago passed and that Defendants had failed to show substantial justification and/or a lack of prejudice that would permit the Court to reopen discovery on matters related to the *Bittle* and *Yamada* publications. *Id.* at 4–8; *accord ATD Corp. v. Lydall, Inc.,* 159 F.3d 534, 550 (Fed.Cir.1998) (holding that district court did not abuse its discretion in barring introduction of prior art not timely disclosed during discovery period).

Similarly here, the Court agrees with Judge Battaglia that Defendants have failed to justify re-opening discovery to take the trial deposition of Dr. Yamada. The undisputed evidence before Judge Battaglia demonstrated that Defendants knew about Dr. Yamada's potential role as a witness in this litigation long before the discovery deadlines had passed. Based on these facts, Judge Battaglia properly concluded that Defendants had no reasonable expectation that Dr. Yamada would be available to testify at trial—and thus had essentially waived their right to utilize his testimony by electing to not depose him while the discovery period was still open. Notwithstanding Defendant's rigorous arguments to the contrary, Judge Battaglia did not order issue preclusion as a sanction against Defendants. Rather, Judge Battaglia correctly denied Defendants' motion to re-open discovery absent substantial justification and/or a lack of undue prejudice to Plaintiffs.

Accordingly, the court **DENIES** Defendants' objections to Judge Battaglia's November 3, 1999 discovery order. The order issues this order without oral argument pursuant

was neither clearly erroneous nor contrary to law and is hereby affirmed on all grounds.

**IT IS SO ORDERED.**